IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO BISHOP, | CASE NO. CV F 07-0137 LJO SMS |
| Plaintiff, | **ORDER ON PLAINTIFF'S REQUEST FOR A CONTINUANCE PURSUANT TO RULE 56(F) AND FOR ADDITIONAL DISCOVERY; ORDER DENYING SUMMARY JUDGMENT** |
| vs. | |
| PETRO-CHEMICAL TRANSPORT, LLC, et al., | |
| Defendants. | |

The Court has received and reviewed plaintiff's request for a continuance, pursuant to Fed.R.Civ.P. 56(f), based on the need for additional discovery. The Court has also received and reviewed defendants' opposition to the continuance and to additional discovery. (Doc. 51 and 52.) Defendant opposes the continuance and any additional discovery on three grounds: (1) plaintiff's counsel did not make himself available towards the close of discovery to take depositions, (2) the only additional discovery counsel requested was accommodated, (3) the additional discovery "is not material." (Doc. 51.)

The Court has considered each of the arguments and evidence in plaintiff's request and each of defendant's arguments and evidence submitted in opposition to the request. After reviewing the papers, it became clear to the Court that the motion for summary judgment is premature.

This Court's preliminary scheduling order limited the initial merits-based discovery to Mr. Bishop. The Preliminary Scheduling Order states:

"This action arises from defendants' alleged failure to pay overtime compensation to Mr. Bishop and other similarly situated truck drivers. After discussion with counsel, this Court SETS:

1. An October 12, 2007 cutoff for discovery **on the merits of Mr. Bishop's claims**;

2. The following schedule for a dispositive motion **on Mr. Bishop's claims**:

a. October 19, 2007 – Deadline to file and serve moving papers;

b. November 9, 2007 – Deadline to file and serve opposition papers;

c. November 23, 2007 – Deadline to file and serve reply papers; and

d. Hearing on November 30, 2007 at 8:30 a.m. in Department 4 (LJO)."

(Doc. 17) (emphasis added) (dates were continued by subsequent stipulated order).

The Court set discovery and motion dates as to Mr. Bishop, individually, because defendant represented in the joint scheduling report:

"Defendant proposes that merits-based discovery as to the named plaintiff be conducted prior to or simultaneous with class certification issues. If the plaintiff is exempt from overtime, there is little if any value to the expenditure of court and party resources on class certification discovery and briefing. Thus, defendants should be permitted to bring a dispositive motion on plaintiff's claim prior to any motion for class certification."
(Doc. 16, p. 4.)

Defendant's motion for summary judgment pending before the Court, however, does not seek to adjudicate Mr. Bishop's exempt status. Rather, the motion seeks to adjudicate the merits of the case in that the entire company is exempt due to the scope of its interstate business.

Merit based discovery has not yet commenced. The Preliminary Scheduling Order further provides:

"3. A December 14, 2007 cutoff for discovery on class certification only; and

4. The following schedule for a class certification motion:

a. December 28, 2007 – Deadline to file and serve moving papers;

b. January 18, 2008 – Deadline to file and serve opposition papers; and

c. February 1, 2008 – Deadline to file and serve reply papers; and

d. Hearing on February 8, 2008 at 8:30 a.m. in Department 4 (LJO).

1       "**After resolution of class certification, this Court will set a further scheduling**

2       **conference**." (Doc. 17) (emphasis added)(the dates were continued by stipulated order).

3      Accordingly, the Court finds that defendant's motion for summary judgment is PREMATURE

4 and it is DENIED without prejudice. The hearing date of April 14, 2008 is VACATED.

5 IT IS SO ORDERED.

6 **Dated:   April 1, 2008**                                   /s/ Lawrence J. O'Neill
                                                                UNITED STATES DISTRICT JUDGE